

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

### NO. AP-76,783

---

**ANTHONY BARTEE, Appellant**

**v.**

**THE STATE OF TEXAS**

---

**ON DIRECT APPEAL FROM CAUSE NO. 1997-CR-1659
IN THE 175ᵀᴴ JUDICIAL DISTRICT COURT
BEXAR COUNTY**

---

*Per Curiam*. HERVEY, J., *not participating*.

### O P I N I O N

In May 1998, a jury found appellant guilty of the offense of capital murder. The jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article 37.071, and the trial court, accordingly, set appellant's punishment at death. This Court affirmed appellant's conviction and sentence on direct appeal. *Bartee v. State*, No. AP-73,126 (Tex. Crim. App. May 3, 2000)(not designated for publication). Appellant filed his initial post-conviction application for writ of habeas corpus in the convicting

court on January 3, 2000. This Court denied appellant relief. *Ex parte Bartee*, No. WR-63,381-01 (Tex. Crim. App. Mar. 8, 2006)(not designated for publication). Appellant's first subsequent application was filed in the trial court on April 20, 2011, and this Court dismissed it. *Ex parte Bartee*, No. WR-63,381-02 (Tex. Crim. App. Sept. 14, 2011)(not designated for publication). This Court dismissed his second subsequent application on February 29, 2012. *Ex parte Bartee*, No. WR-63,381-04 (Tex. Crim. App. Feb. 29, 2012)(not designated for publication).

On March 1, 2012, the trial court granted appellant's motion for post-conviction DNA testing and ordered additional testing. After the testing lab filed its report, the trial court held a hearing and found that appellant had failed to show that, had the results of the DNA testing been available during the trial of this offense, it is reasonably probable that appellant would not have been convicted. Appellant filed an appeal which was received by this Court on April 30, 2012. Appellant is scheduled to be executed on Wednesday, May 2, 2012. He seeks relief on appeal from the trial court's finding and a stay of his execution pending a final disposition of this appeal.

The report issued pursuant to the March 1 testing order concluded that the victim could not be excluded as the contributor of the evidence tested. Given these results, the trial court correctly concluded that appellant failed to show that, had the evidence been available at trial, he would not have been convicted.

Concluding that there was no reversible error in the proceedings below, we affirm

the judgment of the trial court and deny appellant's motion to stay his execution.

Delivered:     May 2, 2012
Do Not Publish